CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 22 2012

JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM ANTOINE JASPER, | ) | CASE NO. 7:11CV00188 |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| DANIEL A. BRAXTON, WARDEN, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent(s). | ) | |

William Antoine Jasper, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement for an August 2010 conviction in the Circuit Court for the City of Charlottesville for petit larceny, third offense. The respondent's motion to dismiss is ripe for disposition.[1] Upon review of the petition, the motion, and the state court record, the court grants the motion to dismiss.

I

Jasper pleaded not guilty in Circuit Court for the City of Charlottesville to a one-count indictment charging him with petit larceny/third offense, a felony. Jasper waived his right to a jury trial, and the court conducted a bench trial on January 14, 2010. The evidence established that on June 13, 2009, witnesses saw Jasper and another individual identified as Mr. Gardner twice enter the walk-in freezer behind the West Main Restaurant in Charlottesville and come out with items from the freezer. The second time Jasper and Gardner came out, a restaurant

---

[1] The court notified Jasper of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned petitioner that judgment might be granted for the respondent if Jasper did not respond to the motion by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Although granted several extensions of time, Jasper has not responded to the motion.

employee followed them and later pointed them out to the police officers who apprehended Jasper and Gardner with items from the freezer in their possession.

The judge in the Circuit Court for the City of Charlottesville found Jasper guilty of the charge, but deferred sentencing for six months and directed the probation officer to investigate community placements for Jasper. New counsel represented Jasper for sentencing. On June 9, 2010, the Court sentenced Jasper to five years in prison, with three years suspended. Final judgment was entered on August 2, 2010. Jasper did not appeal.

Instead, Jasper filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on August 16, 2010, stating his allegations in a handwritten "affidavit." (Record No. 101671.) Thereafter, the Court granted Jasper's motion for leave to file one supplement: a handwritten document labeled "affidavit," which restated most of the allegations in Jasper's original "affidavit." The Court construed this supplement as the statement of Jasper's claims for relief, as follows:

> 1. The trial court refused to rule on petitioner's motions to replace counsel with petitioner's previously appointed counsel, set bail, or send the court's orders to the ACLU; and
>
> 2. Trial counsel was ineffective for failing to accept petitioner's phone calls and find a community based program that would accept petitioner so that he would not have to be incarcerated in the Department of Corrections.

Respondent filed a motion to dismiss. Jasper moved for additional time to respond to the motion to dismiss, but the Court denied these motions. Jasper submitted additional documents to the Court, but the clerk returned these documents to Jasper, advising him by letter that he could not supplement his petition without leave of court. By order entered March 3, 2011, the Supreme Court of Virginia granted the motion to dismiss Jasper's petition.

2

Jasper's timely § 2254 petition is difficult to decipher. Jasper states his claims for relief, without paragraphs or claim numbers, in a handwritten attachment to the § 2254 form. Jasper has also submitted stacks of unnumbered exhibits–primarily consisting of random documents from the state court proceedings and letters to or from counsel. The court liberally construes Jasper's petition as raising the following grounds for relief:

> (1) The Supreme Court of Virginia denied Jasper's motions seeking more time to answer the motion to dismiss the state habeas petition;
>
> (2) Respondent misread or made up claims and misstated facts when addressing Jasper's state habeas petition in the motion to dismiss; the Supreme Court of Virginia only addressed the claims as identified in the motion to dismiss, ignoring other claims, such as Jasper's claims that his first trial attorney was ineffective and that Jasper would not have been convicted or sentenced to two years in prison if the regular judge had presided, instead of the substitute judge who heard his case;
>
> (3) The trial court refused to grant Jasper's pro se motions asking to have trial counsel replaced with the attorney who represented Jasper at the preliminary hearing and other early proceedings;
>
> (4) Sentencing counsel was ineffective for failing to accept Jasper's phone calls about community placements; for failing to find a community-based program that would accept Jasper so he would not have to be incarcerated; and for incorrectly advising the Court that he had looked for such a program; and trial counsel was ineffective for not moving to continue the trial to allow Jasper's codefendant to testify on Jasper's behalf.

Respondent filed a motion to dismiss Jasper's petition, arguing that Jasper procedurally defaulted Claims (1) and (2), by failing to raise them in the state habeas petition, and Claim (3) by failing to raise it on direct appeal; that Jasper defaulted Claim (4) as to any portions of the

3

claim not squarely presented in the state habeas petition; and that the other portions of Claim (4) were without merit under § 2254(d). Jasper did not respond to these defenses.[2]

## II

### A. Exhaustion and Procedural Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). In order to meet the exhaustion requirement in § 2254(b), a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-502 (4th Cir. 2002), (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). Petitioner bears the burden of proving exhaustion. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994).

The exhaustion requirement demands that the petitioner present his habeas claim to the state court "face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Id. at 995. Another facet of proper exhaustion requires that petitioner present his habeas claims to the state court in proper pleadings as defined by the court's filing rules. Id. The Rules of the Supreme Court of Virginia do not permit litigants to amend pleadings without leave of Court. VA. SUP. CT. R. 1.8. Thus, if petitioner presents supplemental materials without requesting and being granted leave to do so, the Court is without jurisdiction to consider those materials. Facts and documents that petitioner did not properly present as part of his state habeas submissions for

---

[2] Jasper moved multiple times for free copies of all the documents from the circuit court criminal proceedings. The court denied these motions because Jasper did not explain why he needed any particular documents to prepare his response to the specific issues raised in the motion to dismiss. The court also notes that Jasper had already submitted copies of many documents from the circuit court record as exhibits to his federal petition.

4

consideration by the state habeas court are also unexhausted for federal habeas purposes. Cullen v. Pinholster __U.S.__, 131 S. Ct. 1388, 1399 (2011).

The exhaustion requirement goes hand in hand with the procedural default doctrine, another hurdle a state habeas petitioner must clear to have his claims reviewed under § 2254. "If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, a habeas petitioner has procedurally defaulted his federal habeas claim." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A federal habeas court may review the merits of a procedurally defaulted claim only if petitioner demonstrates cause for his default and resulting prejudice, or colorable actual innocence of the offense. Coleman, 501 U.S. at 749-50; Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Similarly, if it is clear that the state's law would now bar state review of an unexhausted claim or unexhausted facts to support a claim, petitioner need not return to state court to exhaust, but federal habeas review of the unexhausted claim or unexhausted factual support is precluded, absent a showing of cause and prejudice or actual innocence. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Cullen, 131 S. Ct. at 1400 (finding federal habeas court's review under § 2254(d)(1) limited "to the record that was before the state court that adjudicated the claim on the merits").

Errors of counsel may serve as cause to excuse the procedural default of a specific constitutional claim, but only if petitioner demonstrates (1) that the errors were so egregious that they violated petitioner's constitutional right to effective assistance of counsel, and (2) that the ineffective assistance claim itself is exhausted and not procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

5

**Claims (1) and (2)**

Respondent argues that because Jasper did not raise federal Claims (1) and (2) in his state habeas proceedings, they are unexhausted claims. Rule 5:37 of the Rules of the Supreme Court of Virginia provides that a party seeking rehearing of his petition must file a notice within 10 days after the Court's order and then file the petition for rehearing within 30 days of the order. VA. SUP. CT. R. 5:37. If Jasper felt the Court had erred in construing the claims in his state petition or that counsel for respondent had misstated claims or facts, Jasper had a remedy under Rule 5:37, to file a notice, followed by a petition for rehearing. In a petition for rehearing, Jasper could also have notified the Court what the overlooked habeas claims were, so the Court could address the claims. Jasper failed to file a notice and petition for rehearing regarding the Court's dismissal order. Thus, his federal Claims (1) and (2) are not exhausted as required under § 2254(b).

Respondent also contends that Claims (1) and (2) are also procedurally defaulted, and the court agrees. If Jasper now attempted to present these claims to the Supreme Court of Virginia in a new habeas petition, Virginia's rule against successive habeas petitions, Virginia Code Ann. § 8.01-654(B)(2), would bar review of the claims on the merits. Jasper demonstrates no reason for his failure to move for rehearing of his state petition to notify the Supreme Court of Virginia of his current Claims (1) and (2), and as such, fails to excuse his default. Teague, 489 U.S. at 298-99. Accordingly, the court grants the motion to dismiss Claims (1) and (2) as procedurally barred from review under § 2254.

**Claim (3)**

In dismissing the state petition, the Supreme Court of Virginia found that Jasper could have raised Claim (3) on direct appeal, and because he failed to do so, the claim was

procedurally defaulted from review in habeas proceedings under Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974) ("A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate process for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction."). Federal courts have consistently found the rule in Slayton to constitute an independent and adequate state procedural ground barring federal habeas review. See, e.g., Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Thus, the court finds that Claim (3) is procedurally defaulted.

In an apparent attempt to show cause, Jasper asserts that counsel "intentionally to and purposely refuse[d] to file [a] notice of appeal." Ineffective assistance regarding appeal of the conviction is not one of the claims that the Supreme Court of Virginia recognized as sufficiently presented in Jasper's state habeas petition. Respondent argues that any such claim is unexhausted and is now procedurally defaulted under § 8.01-654(B)(2). Thus, any claim of ineffective assistance on appeal that Jasper may be attempting to raise in the federal petition is itself procedurally defaulted, see Baker, 220 F.3d at 288. Jasper fails to show cause for this default, resulting prejudice, or actual innocence. Therefore, the court cannot review Jasper's ineffective assistance claim on the merits under § 2254 or consider it as cause to excuse default of other claims. Edwards, 529 U.S. at 451-52. The court grants the motion to dismiss Jasper's Claim (3) as procedurally defaulted.

**Claim (4) and Exhibits**

The following portions of Claim (4) do not appear in the Supreme Court of Virginia's construction of Jasper's state habeas claims: (a) the claim that trial counsel failed to move for a continuance, and (b) the claim that sentencing counsel lied to the court about his search for community placements. Similarly, Jasper did not move the Supreme Court of Virginia for leave

7

to submit the many exhibits he has submitted in the federal proceedings. To the extent that Jasper did attempt to file Claims (a) and (b) and his many exhibits in the state court proceedings, without moving for and obtaining the Court's leave to do so, Jasper did not place these claims and materials squarely before the court, thus failing to satisfy the exhaustion requirement under § 2254(b). Mallory, 27 F.3d at 995.

Federal review of these claims and materials is procedurally barred, because § 8.01-654(B)(2) would now prevent state court habeas review of these claims and documents. Jasper fails to demonstrate cause for failing to present his state habeas claims clearly or failing to follow state court rules regarding proper submission of habeas materials. Thus, the court cannot review these unexhausted claims included in Claim (4) and cannot review Jasper's many unexhausted exhibits in determining whether Jasper is entitled to relief on his remaining, exhausted claims. Teague, 489 U.S. at 298-99. The court grants the motion to dismiss as to the designated portions of Claim (4).

### B. Exhausted Claims

Under 28 U.S.C. § 2254(d), the federal habeas court must give appropriate deference to state court rulings on the merits of petitioner's federal claims. This court may grant habeas relief on a claim that was adjudicated on the merits in state court only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Respondent admits that the portions of Jasper's Claim (4) adjudicated by the Supreme Court of Virginia on the merits are not procedurally defaulted and may be addressed on the

8

merits under § 2254(d) in this court. Respondent argues that the claims must, nevertheless, be dismissed because Jasper fails to allege sufficient facts to state a claim of ineffective assistance. The court agrees.

To prove counsel's act or omission violated his constitutional right, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. Id. at 687-88. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. Id. at 689. Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome of the proceeding at issue would have been different. Id. at 694-95.

The Supreme Court of Virginia adjudicated on the merits Jasper's claims that his attorney at sentencing was ineffective in failing to accept Jasper's phone calls from the jail and in failing to find a community-based program to accept Jasper as an alternative to incarceration. The Court found that these claims failed under both prongs of Strickland:

> Petitioner fails to allege what information would have been exchanged had telephonic communication been established, and fails to allege how the absence of a phone account impacted counsel's performance. The record, including the affidavit of counsel, demonstrates that counsel attempted to find an alternative sentencing program that would have accepted petitioner, but was unable to find such a program due to petitioner's mental illness, criminal history, and other behavior. Petitioner fails to offer evidence of any program that would have accepted him.

(Order Granting Mot. Dism, Mar. 3, 3011, at 2.) The state court's findings of fact here are entitled to a presumption of correctness under § 2254(e).

9

Counsel's affidavit and attached records submitted in support of the motion to dismiss the state habeas petition provide extensive information about the difficulties involved for anyone attempting to find a community placement for Jasper. Before the Charlottesville offense, Jasper had served terms of incarceration for nonviolent, petit crimes, part of the time in maximum security prisons because of his noncompliant behavior. While incarcerated, Jasper could not receive his disability payments, and the payments did not resume immediately after his release. In this case, Jasper's trial attorney persuaded the Court to release Jasper on bond before sentencing so that he could try a community placement. As a condition to enter this facility, Jasper had to stop taking his medication. Jasper decided, after spending only two days at the facility, that he needed to be on his medication, left the program, and returned to jail. Again, after the trial, the Court deferred sentencing to allow the probation officer to try to find another placement for Jasper.

At the sentencing hearing on June 9, 2010, the Commonwealth and Jasper's attorney agreed that imposing another term of jail time would not likely result in a long-term change of Jasper's conduct, because of his mental illness. Counsel presented the Court with an email from David Wilson, an individual who expressed confidence that his organization could find a placement for Jasper, despite Jasper's mental illness and criminal history. Counsel persuaded the Court to stay execution of Jasper's sentence for 90 days to allow Jasper's disability payments to resume in order to cover the cost of the programs Wilson described. Wilson was not able to provide the promised assistance, however, and other inquiries counsel made were unfruitful. Thus, at the end of 90 days, Jasper went to jail to serve his active two-year sentence.

Jasper asserts in his federal petition that if counsel had accepted Jasper's calls from the jail, they could have discussed Jasper's ideas about community placement options. Jasper also

faults counsel for not calling facilities directly about whether they would accept Jasper. Jasper submits letters and other documents to this court, attempting to show the availability of community placements, and argues that counsel should not have relied on Mr. Wilson or anyone else. As stated, the court cannot consider these exhibits, because Jasper did not present them properly in support of his state petition. Cullen, 131 S. Ct. at 1400.

Moreover, the court cannot find that counsel's performance was deficient or prejudicial. Given the many efforts counsel and others had already expended to find a long-term community program for Jasper, the court cannot find that counsel's reliance on Mr. Wilson after the sentencing hearing was an unreasonable strategy, particularly since the program criteria Wilson's email describe seem tailor-made for Jasper's placement problems. The court finds no reasonable probability that the outcome of the placement program search would have been different, but for counsel's failure to make more phone calls to Jasper and to the facilities Jasper believed appropriate.

For the stated reasons, the court cannot find that the Supreme Court of Virginia's dismissal of the exhausted portions of Claim (4) was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The court grants the motion to dismiss as to these portions of Claim (4).

### III

In conclusion, the court grants the motion to dismiss. Jasper's federal habeas claims are procedurally barred or without merit under § 2254(d). An appropriate order will issue this day.

11

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 22d day of March, 2012.

/s/ Glen Conrad
Chief United States District Judge